ORFINGER, Judge,
concurring.
I concur in affirming the final judgment of dissolution because appellant has not demonstrated an abuse of discretion by the trial court. I write only to call attention to a practice which I consider highly improper. I refer specifically to preparation by attorneys of proposed orders and judgments on paper which bears the printed name and address of the attorney or the law firm.
In this case, the final judgment was apparently prepared by the attorney representing the husband. The Rules of Procedure specifically authorize the trial judge to require that orders or judgments be prepared by a party. See Fla.R.Civ.P. 1.080(h). But preparation of an order by a party does not alter the fact that when entered, the order is a court order, not an attorney’s pleading, and should never be prepared on what amounts to letterhead stationery of an attorney. Florida’s noted authority on practice and procedure says that “it is ... presumptuous to use paper that has an attorney’s name printed on it.” Trawick, Florida Practice and Procedure, § 25-10 (1987). In this case, at the bottom of each sheet of the eight page final judgment, appears the printed name of the law firm, two office addresses, and the designation “Trial Lawyers & General Practice.” I would go beyond “presumptuous” and call this practice highly improper. Trial judges should reject such orders and refuse to sign them until they are prepared on plain white paper in a manner which complies with the Rules.
COWART, J., concurs.